IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IMS HEALTH INCORPORATED,<br><br>        Plaintiff,<br><br>        v.<br><br>SYMPHONY HEALTH SOLUTIONS CORPORATION, SOURCE HEALTHCARE ANALYTICS, LLC, and IMPACTRX, INC.,<br><br>        Defendants. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF IMS HEALTH INCORPORATED'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff IMS Health Incorporated, on personal knowledge as to its own acts and upon information and belief formed after reasonable inquiry as to the acts of others, for its Complaint for patent infringement against Symphony Health Solutions Corporation, Source Healthcare Analytics, LLC, and ImpactRx, Inc., hereby avers the following:

**NATURE OF THE ACTION**

1. This is an action for infringement of United States Patent Nos. 8,473,452 ("the '452 patent"); 6,397,224 ("the '224 patent"); and 7,577,578 ("the '578 patent") (collectively, "the IMS Health Patents") under 35 U.S.C. § 271(a), (b), and (c).

**PARTIES**

2. Plaintiff IMS Health Incorporated ("IMS Health") is a Delaware corporation with a principal place of business at 83 Wooster Heights Road, Danbury, CT, 06810.

3. Upon information and belief, Defendant Symphony Health Solutions Corporation ("Symphony") is a Delaware corporation with a principal place of business at 550 Blair Mill Road, Horsham, PA, 19044.

1

4. Upon information and belief, Defendant Source Healthcare Analytics, LLC ("Source") is a Delaware limited liability company with a principal place of business at 550 Blair Mill Road, Horsham, PA, 19044. Upon information and belief, Source is a subsidiary of Symphony.

5. Upon information and belief, Defendant ImpactRx, Inc. ("ImpactRx") is a Delaware corporation with a principal place of business at 550 Blair Mill Road, Horsham, PA, 19044. Upon information and belief, ImpactRx is a subsidiary of STG-Impact Holdings Corporation, which is a wholly-owned subsidiary of Symphony.

## JURISDICTION AND VENUE

6. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, specifically §§ 271, 281-285.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants at least by virtue of Defendants' being organized under the laws of Delaware and establishing minimum contacts with the forum state of Delaware, and/or based on the facts and causes of action alleged herein. In addition, upon information and belief, Symphony and ImpactRx conduct substantial business in this District.

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## FACTUAL BACKGROUND

10. IMS Health was founded in 1954 and has made substantial investments in research and development related to healthcare analytics and informatics. As a result of its investments and innovation, IMS Health has become a leader in healthcare analytics and provides superior information, technology, and services to its customers.

11. IMS owns all of the rights and interests in the IMS Health Patents, including the rights to recover for past, present, and future infringements and violations thereof.

12. Upon information and belief, Symphony and Source are in the business of de-identifying healthcare records and generating revenue by, inter alia, aggregating, longitudinally linking, and performing analytics on such de-identified records, including in connection with making, using, selling, offering for sale, and/or importing products and/or services such as Patient Analytics Suite and Market Profiler. Symphony and ImpactRx further generate revenue by collecting product-related healthcare data and performing analytics on such data, including in connection with making, using, selling, and/or offering for sale, and/or importing products and/or services such as LaunchAdvantage. Upon information and belief, by virtue of at least these activities, Symphony, Source, and ImpactRx infringe one or more claims of the IMS Health Patents.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,473,452

13. IMS Health incorporates by reference the allegations of paragraphs 1-12 as if repeated here in full.

14. IMS Health is the owner by assignment of the '452 patent, entitled "System and Method for Analyzing De-identified Health Care Data." The '452 patent was duly and legally issued by the United States Patent and Trademark Office on June 25, 2013. A true and correct copy of the '452 patent is attached as Exhibit A.

15. Upon information and belief, Defendants Symphony and Source have actual knowledge of the '452 patent, at least by virtue of the filing of this Complaint.

16. Upon information and belief, Defendants Symphony and Source have been and are currently directly infringing one or more claims of the '452 patent literally, or under the

doctrine of equivalents, by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, without authority, products and/or services embodying the patented inventions claimed in the '452 patent, including but not limited to performing de-identification of patient records and using such de-identified data, including in connection with products and/or services such as Patient Analytics Suite and Market Profiler. The de-identifying solution includes, for example, extracting alphanumeric information from a plurality of identification fields included in a patient record selected from at least one health care database, the extracted alphanumeric information uniquely identifying the patient, generating an encrypted unique patient identifier by encrypting the extracted alphanumeric information, and generating a de-identified patient record, wherein the de-identified patient record includes at least one health care field that is included in the selected patient record and the encrypted unique patient identifier, and wherein the de-identified patient record does not include any information that identifies the patient other than the encrypted unique patient identifier.

17. Upon information and belief, upon knowledge of the '452 patent, Defendants Symphony and Source have actively induced and continue to induce direct infringement of the '452 patent by others by, among other things, providing third parties, such as data suppliers, with software used in connection with the business of de-identifying patient records and generating revenue by, <u>inter alia</u>, aggregating, longitudinally linking, and performing analytics on such de-identified records and/or encouraging others to create and/or use de-identification software. Such software embodies one or more of the patented inventions claimed in the '452 patent and produces de-identified records that are used in connection with products and/or services, sold, offered for sale, made, used, and/or imported by or for Symphony and/or Source, such as Patient Analytics Suite and Market Profiler. The de-identifying solution includes, for example,

extracting alphanumeric information from a plurality of identification fields included in a patient record selected from at least one health care database, the extracted alphanumeric information uniquely identifying the patient, generating an encrypted unique patient identifier by encrypting the extracted alphanumeric information, and generating a de-identified patient record, wherein the de-identified patient record includes at least one health care field that is included in the selected patient record and the encrypted unique patient identifier, and wherein the de-identified patient record does not include any information that identifies the patient other than the encrypted unique patient identifier.  Upon information and belief, upon knowledge of the '452 patent, Defendants Symphony and Source have provided others, including their data suppliers, with such software and/or encouraged others to create and/or use de-identification software either with specific intent that the third parties infringe the '452 patent or knowing that there was a high probability that the third parties would infringe the '452 patent while remaining willfully blind to the infringing nature of the third parties' actions.

18. Upon information and belief, upon knowledge of the '452 patent, Defendants Symphony and Source have contributed and continue to contribute to the infringement by others of the '452 patent, by, among other things, providing third parties, such as data suppliers, with software used in connection with the business of de-identifying patient records and generating revenue by, inter alia, aggregating, longitudinally linking, and performing analytics on such de-identified records.  Such software embodies one or more of the patented inventions claimed in the '452 patent and produces de-identified records that are used in connection with products and/or services, sold, offered for sale, made, used, and/or imported by or for Symphony and/or Source, such as Patient Analytics Suite and Market Profiler.  The de-identifying solution includes, for example, extracting alphanumeric information from a plurality of identification

5

fields included in a patient record selected from at least one health care database, the extracted alphanumeric information uniquely identifying the patient, generating an encrypted unique patient identifier by encrypting the extracted alphanumeric information, and generating a de-identified patient record, wherein the de-identified patient record includes at least one health care field that is included in the selected patient record and the encrypted unique patient identifier, and wherein the de-identified patient record does not include any information that identifies the patient other than the encrypted unique patient identifier.  Upon information and belief, such software is especially made for use in infringement of the '452 patent, embodies a material part of the inventions claimed in the '452 patent, and is not a staple article of commerce suitable for substantial non-infringing use.

19. As a result of Defendants Symphony and Source's infringement of the '452 patent, IMS Health has suffered and will continue to suffer damage.  IMS Health is entitled to recover damages adequate to compensate for such infringement, including a recovery of lost profits and in no event less than a reasonable royalty for infringement of the '452 patent, together with interest and costs fixed by this Court.

20. Any further sales, offers for sale, or uses by Defendants Symphony and/or Source of infringing products or services will demonstrate a deliberate and conscious decision to infringe the '452 patent or, at the very least, a reckless disregard of IMS Health's patent rights.  If Defendants Symphony and/or Source continue to make, use, offer to sell, or sell or import infringing products or services following notice of the '452 patent claims, Defendants Symphony's and/or Source's infringement will be willful and IMS Health will be entitled to treble damages and attorney's fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

21. Defendants Symphony and Source will continue to infringe the '452 patent unless and until they are enjoined by this Court.

22. Defendants Symphony and Source's acts of infringement have caused and will continue to cause irreparable harm to IMS Health unless and until they are enjoined by this Court.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,397,224**

23. IMS Health incorporates by reference the allegations of paragraphs 1-22 as if repeated here in full.

24. IMS Health is the owner by assignment of the '224 patent, entitled "Anonymously Linking a Plurality of Data Records." The '224 patent was duly and legally issued by the United States Patent and Trademark Office on May 28, 2002. A true and correct copy of the '224 patent is attached as Exhibit B.

25. Upon information and belief, Defendants Symphony and Source have actual knowledge of the '224 patent, at least by virtue of the filing of this Complaint, and Defendants Symphony and Source had knowledge of the '224 patent in 2010 by virtue of due diligence conducted in connection with discussions between Source and SDI Health LLC regarding a potential merger.

26. Upon information and belief, Defendants Symphony and Source have been and are currently directly infringing one or more claims of the '224 patent literally, or under the doctrine of equivalents, by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, without authority, products and/or services embodying the patented inventions claimed in the '224 patent, including but not limited to performing de-identification of data records and using such de-identified data, including in

connection with products and/or services such as Patient Analytics Suite and Market Profiler. The de-identification and longitudinally linking include, for example, encoding a first and second encoded identity reference from a first and second, respectively, subset of the identifying elements of a data record, assigning to each of the first and second encoded identity references an identical anonymization code for anonymously representing the individual associated with the data record, and inserting the assigned anonymization code into the data record.

27. Upon information and belief, upon knowledge of the '224 patent, Defendants Symphony and Source have actively induced and continue to induce direct infringement of the '224 patent by others by, among other things, providing third parties, such as data suppliers, with software used in connection with the business of de-identifying data records and generating revenue by, inter alia, aggregating, longitudinally linking, and performing analytics on such de-identified records and/or encouraging others to create and/or use de-identification software. Such software embodies one or more of the patented inventions claimed in the '224 patent and produces de-identified records that are used in connection with products and/or services, sold, offered for sale, made, used, and/or imported by or for Symphony and/or Source, such as Patient Analytics Suite and Market Profiler. The de-identification and longitudinally linking include, for example, encoding a first and second encoded identity reference from a first and second, respectively, subset of the identifying elements of a data record, assigning to each of the first and second encoded identity references an identical anonymization code for anonymously representing the individual associated with the data record, and inserting the assigned anonymization code into the data record. Upon information and belief, upon knowledge of the '224 patent, Defendants Symphony and Source have provided others, including their data suppliers, with such software and/or encouraged others to create and/or use de-identification

8

software either with specific intent that the third parties infringe the '224 patent or knowing that there was a high probability that the third parties would infringe the '224 patent while remaining willfully blind to the infringing nature of the third parties' actions.

28.     Upon information and belief, upon knowledge of the '224 patent, Defendants Symphony and Source have contributed and continue to contribute to the infringement by others of the '224 patent, by, among other things, providing third parties, such as data suppliers, with software used in connection with the business of de-identifying data records and generating revenue by, inter alia, aggregating, longitudinally linking, and performing analytics on such de-identified records.  Such software embodies one or more of the patented inventions claimed in the '224 patent and produces de-identified records that are used in connection with products and/or services, sold, offered for sale, made, used, and/or imported by or for Symphony and/or Source, such as Patient Analytics Suite and Market Profiler.  The de-identification and longitudinally linking include, for example, encoding a first and second encoded identity reference from a first and second, respectively, subset of the identifying elements of a data record, assigning to each of the first and second encoded identity references an identical anonymization code for anonymously representing the individual associated with the data record, and inserting the assigned anonymization code into the data record.  Upon information and belief, such software is especially made for use in infringement of the '224 patent, embodies a material part of the inventions claimed in the '224 patent, and is not a staple article of commerce suitable for substantial non-infringing use.

29.     As a result of Defendants Symphony and Source's infringement of the '224 patent, IMS Health has suffered and will continue to suffer damage.  IMS Health is entitled to recover damages adequate to compensate for such infringement, including a recovery of lost

9

profits and in no event less than a reasonable royalty for infringement of the '224 patent, together with interest and costs fixed by this Court.

30. Any further sales, offers for sale, or uses by Defendants Symphony and/or Source of infringing products or services will demonstrate a deliberate and conscious decision to infringe the '224 patent or, at the very least, a reckless disregard of IMS Health's patent rights. If Defendants Symphony and/or Source continue to make, use, offer to sell, or sell or import infringing products or services following notice of the '224 patent claims, Defendants Symphony and/or Source's infringement will be willful and IMS Health will be entitled to treble damages and attorney's fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

31. Defendants Symphony and Source will continue to infringe the '224 patent unless and until they are enjoined by this Court.

32. Defendants Symphony and Source's acts of infringement have caused and will continue to cause irreparable harm to IMS Health unless and until they are enjoined by this Court.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,577,578

33. IMS Health incorporates by reference the allegations of paragraphs 1-32 as if repeated here in full.

34. IMS Health is the owner by assignment of the '578 patent, entitled "Method for Determining the Post-Launch Performance of a Product on a Market." The '578 patent was duly and legally issued by the United States Patent and Trademark Office on August 18, 2009. A true and correct copy of the '578 patent is attached as Exhibit C.

35. Upon information and belief, Defendants Symphony and Source have actual knowledge of the '578 patent, at least by virtue of the filing of this Complaint.

36. Upon information and belief, Defendants Symphony and ImpactRx have been and are currently directly infringing one or more claims of the '578 patent literally, or under the doctrine of equivalents, by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, without authority, products and services embodying the patented inventions claimed in the '578 patent, including but not limited to LaunchAdvantage.  For example, LaunchAdvantage employs a computer simulation model to determine a future market share of a product based on data, collected and stored in a database, related to at least one key success factor for a product, unmet product needs on a market, and the propensity of a decision-maker to choose that product.

37. Upon information and belief, upon knowledge of the '578 patent, Defendants Symphony and ImpactRx have actively induced and continue to induce direct infringement of the '578 patent by others by, among other things, providing third parties such as customers with software used in connection with products and services embodying the patented inventions claimed in the '578 patent, including but not limited to LaunchAdvantage.  For example, LaunchAdvantage employs a computer simulation model to determine a future market share of a product based on data, collected and stored in a database, related to at least one key success factor for a product, unmet product needs on a market, and the propensity of a decision-maker to choose that product.  Defendants Symphony and ImpactRx have provided such software either with specific intent that the customers infringe the '578 patent or knowing that there was a high probability that the customers would infringe the '578 patent while remaining willfully blind to the infringing nature of the third parties' actions.

38. Upon information and belief, upon knowledge of the '578 patent, Defendants Symphony and ImpactRx have contributed and continue to contribute to the infringement by others, including their customers, of claims of the '578 patent by, among other things, providing third parties such as customers with software used in connection with products and services embodying the patented inventions claimed in the '578 patent, including but not limited to LaunchAdvantage. For example, LaunchAdvantage employs a computer simulation model to determine a future market share of a product based on data, collected and stored in a database, related to at least one key success factor for a product, unmet product needs on a market, and the propensity of a decision-maker to choose that product. Upon information and belief, such software is especially made for use in infringement of the '578 patent, embodies a material part of the inventions claimed in the '578 patent, and is not a staple article of commerce suitable for substantial non-infringing use.

39. As a result of Defendants Symphony and ImpactRx's infringement of the '578 patent, IMS Health has suffered and will continue to suffer damage. IMS Health is entitled to recover damages adequate to compensate for such infringement, including a recovery of lost profits and in no event less than a reasonable royalty for infringement of the '578 patent, together with interest and costs fixed by this Court.

40. Any further sales, offers for sale, or uses by Defendants Symphony and/or ImpactRx of infringing products or services will demonstrate a deliberate and conscious decision to infringe the '578 patent or, at the very least, a reckless disregard of IMS Health's patent rights. If Defendants Symphony and/or ImpactRx continue to make, use, offer to sell, or sell or import infringing products or services following notice of the '578 patent claims, Defendants Symphony and/or ImpactRx's infringement will be willful and IMS Health will be entitled to treble damages

and attorney's fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

41. Defendants Symphony and ImpactRx will continue to infringe the '578 patent unless and until they are enjoined by this Court.

42. Defendants Symphony and ImpactRx's acts of infringement have caused and will continue to cause irreparable harm to IMS Health unless and until they are enjoined by this Court.

## EXCEPTIONAL CASE

43. This case is exceptional against Defendants Symphony, Source, and ImpactRx.

## PRAYER FOR RELIEF

WHEREFORE, IMS Health respectfully requests that this Court enter:

a. A judgment in favor of IMS Health that Defendants Symphony and Source have directly infringed the '452 and '224 patents;

b. A judgment in favor of IMS Health that Defendants Symphony and Source have induced infringement of the '452 and '224 patents;

c. A judgment in favor of IMS Health that Defendants Symphony and Source have contributed to the infringement of the '452 and '224 patents;

d. A judgment in favor of IMS Health that Defendants Symphony and Source's infringement of the '452 and '224 patents following notice of this Complaint is willful;

e. A judgment in favor of IMS Health that Defendants Symphony and ImpactRx have directly infringed the '578 patent;

f. A judgment in favor of IMS Health that Defendants Symphony and ImpactRx have induced infringement of the '578 patent;

  g. A judgment in favor of IMS Health that Defendants Symphony and ImpactRx have contributed to the infringement of the '578 patent;

  h. A judgment in favor of IMS Health that Defendants Symphony and ImpactRx's infringement of the '578 patent following notice of this Complaint is willful;

  i. A judgment in favor of IMS Health that this case is "exceptional" within the meaning of 35 U.S.C. § 285;

  j. A permanent injunction enjoining Defendants Symphony and Source and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing, inducing the infringement of, or contributing to the infringement of the '452 and '224 patents;

  k. A permanent injunction enjoining Defendants Symphony and ImpactRx and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing, inducing the infringement of, or contributing to the infringement of the '578 patent;

  l. A judgment and order requiring Defendants Symphony and Source to pay IMS Health its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '452 and '224 patents as provided under 35 U.S.C. § 284;

  m. A judgment and order requiring Defendants Symphony and ImpactRx to pay IMS Health its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '578 patent as provided under 35 U.S.C. § 284; and

  n. Any and all other relief as this Court deems proper and just.

## **DEMAND FOR JURY TRIAL**

  IMS Health demands trial by jury on any and all issues so triable.

Dated: December 20, 2013						FISH & RICHARDSON P.C.

By: *Michelle Nerozzi-Ankenbrand*
Tara D. Elliott (#4483)
Michelle Nerozzi-Ankenbrand (#5842)
222 Delaware Avenue, Suite 1700
Wilmington, DE 19801
Telephone: (302) 652-5070
Facsimile: (302) 652-0607
Email: tde@fr.com; mna@fr.com

Ruffin B. Cordell
Lauren A. Degnan
Scott A. Elengold
Daniel A. Tishman
FISH & RICHARDSON P.C.
1425 K Street NW, 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331
Email: cordell@fr.com; degnan@fr.com; elengold@fr.com; tishman@fr.com

**COUNSEL FOR PLAINTIFF
IMS HEALTH INCORPORATED**